```
 1  Christopher M. Harnett (Bar No. 059468)
    charnett@archernorris.com
 2  Robert D. Tobey (Bar No. 224652)
    rtobey@archernorris.com
 3  ARCHER NORRIS
    2033 North Main Street, Suite 800
 4  Walnut Creek, CA  94596-3759
    Telephone:  925.930.6600
 5  Facsimile:   925.930.6620

 6  Attorneys for Defendant
    AUTOZONE WEST, INC.
 7
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BAIRD and JEANNE BAIRD, | Case No.  2:15-cv-00860-CAS-(RZ) |
| Plaintiffs, | **DEFENDANT AUTOZONE WEST, INC.'S NOTICE OF RE-FILING STATE COURT ANSWER** |
| v. | |
| ALBANY INTERNATIONAL CORP., et al., | Judge:    Hon. Christina A. Snyder |
| Defendants. | |

PLEASE TAKE NOTICE that Defendant AutoZone West, Inc. hereby re-files its state court Answer in the above-captioned matter.  A copy of the state court Answer is attached as Exhibit A.

Dated: February 12, 2015

ARCHER NORRIS

_____
Christopher M. Harnett
Robert D. Tobey
Attorneys for Defendant
AUTOZONE WEST, INC.

# EXHIBIT A

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 3 0 2014

Sherri R. Carter, Executive Officer/Clerk
By P. Pleasant, Deputy

Christopher M. Harnett (Bar No. 059468)
charnett@archernorris.com
Robert D. Tobey (Bar No. 224652)
ARCHER NORRIS
A Professional Law Corporation
2033 North Main Street, Suite 800
Walnut Creek, California 94596-3759
Telephone: 925.930.6600
Facsimile: 925.930.6620

Attorneys for Defendant
AUTOZONE WEST, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| Coordinated Proceeding Special Title (Rule 3.550) | Case No. BC BC564421 /JCCP Case No. 4674 |
|---|---|
| LAOSD ASBESTOS CASES | Assigned to Hon. Emilie H. Elias, Dept. 324 |
| DAVID BAIRD and JEANNE BAIRD, Plaintiffs, v. ALBANY INTERNATIONAL CORP., et al., Defendants. | AUTOZONE WEST, INC.'S ANSWER TO COMPLAINT FOR PERSONAL INJURY - ASBESTOS<br><br>Action Filed: November 19, 2014 |

Defendant AUTOZONE WEST, INC., for itself and no other defendant herein, answers the Complaint as follows:

The use of a neutral pronoun in this answer includes feminine, masculine, and plural pronouns and any singular in this answer, referring to "Plaintiff" or "defendant," shall include the plural reference.

## GENERAL DENIAL

Answering Plaintiff's unverified Complaint, defendant denies every allegation contained therein and denies that by reason of any act or omission by it, its agents, or independent

contractors, Plaintiff was injured or damaged in any sum, or at all.

## AFFIRMATIVE DEFENSES

As separate, distinct and affirmative defenses to the Complaint on file herein and to each and every cause of action thereof, this answering defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1. As a first affirmative defense to each and every cause of action in the Complaint, defendant alleges that the Complaint does not state facts sufficient to constitute a cause of action against this defendant.

### SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2. As a second affirmative defense to each and every cause of action in the Complaint, defendant alleges that the Complaint is barred by the provisions of Code of Civil Procedure Section 338.1, 339 subdivisions (1), (2) and (3), 340 subdivision (a) and (b), 340.2(c)(1) and (2), 343, 583.210, 583.310 and 583.410 subdivisions (a) and (b), in that more than one year has elapsed between the accrual of Plaintiff's alleged cause of action and the filing of Plaintiff's Complaint against this defendant.

### THIRD AFFIRMATIVE DEFENSE

(Standing)

3. As a third affirmative defense to each and every cause of action in the Complaint defendant alleges that Plaintiff has no standing to sue in any of the capacities alleged in his Complaint and, in the alternative, if Plaintiff has any standing to sue, such Plaintiff is not the only person entitled to bring the causes of action alleged, and that the omission to make such other party or parties entitled to bring the causes of action alleged produces a defect of parties.

### FOURTH AFFIRMATIVE DEFENSE

(Assumption of Risk)

4. As a fourth affirmative defense to each and every cause of action in the Complaint, defendant alleges that Plaintiff voluntarily, knowingly and unreasonably entered into and engaged

in the actions and conduct alleged in the Complaint, including but not limited to the manner and/or method in which he allegedly worked with or around products described in the Complaint at the time and places alleged in the Complaint, including but not limited to during Plaintiff's employment and other activities; that Plaintiff knew, or in the exercise of ordinary care should have known, of the purported risks and hazards of injury or damage, and voluntarily and knowingly assumed such purported risks and hazards of injury or damage. Said assumption of risk was a proximate cause of the injury and/or damages alleged in the Complaint, if any there were, and bars and/or reduces Plaintiff's recovery herein.

## FIFTH AFFIRMATIVE DEFENSE

(Plaintiff's Comparative Fault)

5.  As a fifth affirmative defense to each and every cause of action in the Complaint, defendant alleges that, while working with and/or being around the products alleged in the Complaint and at the times and places alleged in the Complaint, including but not limited to in employment activities, Plaintiff failed to exercise reasonable and ordinary care, caution or prudence in order to avoid the injuries and damages alleged in the Complaint, if any there were, and that said alleged injuries and/or damages, if any, were directly and proximately caused and/or contributed to by such carelessness and negligence of Plaintiff, and that his claims for relief are thereby barred and/or subject to proportionate reduction according to principals of comparative fault.

## SIXTH AFFIRMATIVE DEFENSE

(Misuse and Abuse)

6.  As a sixth affirmative defense to each and every cause of action in the Complaint, defendant alleges that the products identified in the Complaint that Plaintiff allegedly worked with or around during the course of his employment and at all other times alleged in the Complaint, were misused and/or abused, and not used in a manner in which they were intended to be used. Such misuse and/or abuse, including but not limited to manipulating, disturbing, altering and/or otherwise modifying said products, was contrary to instructions and/or to custom and practice in the industry, without defendant's knowledge, approval, and/or consent, was

AUTO14732/1967187-1                            3

AUTOZONE WEST, INC.'S ANSWER TO COMPLAINT FOR PERSONAL INJURY-ASBESTOS

unreasonable, inappropriate and not reasonably foreseeable to defendant, and solely and proximately caused Plaintiff's injuries and damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

(Fault of Others)

7. As a seventh affirmative defense to each and every cause of action in the Complaint, defendant alleges that, any alleged injuries and/or damages were solely and proximately caused and contributed to by the negligence and/or other fault of other parties to this lawsuit, as alleged in the Complaint and/or in employment settings and otherwise, and by third persons who are not parties to this action, over whom this defendant had no control or responsibility, for which such other parties and/or persons are legally responsible. Defendant therefore requests that, in the event of a finding of any liability in favor of Plaintiff as against this defendant, the Court apply the principles of apportionment and offset so as to permit the Court to apportion liability according to fault and to grant defendant a corresponding offset against damages awarded to Plaintiff. Defendant further requests a judgment and declaration of partial indemnification and contribution against all other parties or persons in accordance with the apportionment of fault, in accordance with <u>Li v. Yellow Cab Company</u> and <u>American Motorcycle Association v. Superior Court</u>.

## EIGHTH AFFIRMATIVE DEFENSE

(Accord and Satisfaction)

8. As an eighth affirmative defense to each and every cause of action in the Complaint, defendant alleges that the claims herein are barred on the ground that there has been an accord and satisfaction and contractual release of this answering defendant

## NINTH AFFIRMATIVE DEFENSE

(Civil Code Section 1431.2 - Proposition 51)

9. As a ninth affirmative defense to each and every cause of action in the Complaint, defendant alleges that the provisions of Civil Code Section 1431.2 are applicable to the Complaint and each cause of action therein.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

10. As a tenth affirmative defense to each and every cause of action in the Complaint, defendant alleges that Plaintiff failed to exercise reasonable care and diligence to mitigate the damages alleged in the Complaint, if any. Plaintiff's failure to mitigate damages which he contends he suffers bars him from recovering damages either proportionately or entirely.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Offset)

11. As an eleventh affirmative defense to each and every cause of action in the Complaint, defendant alleges that as a result of the matters alleged, Plaintiff has received and will continue to receive workers' compensation benefits from each and every one of Plaintiff's employers identified in the Complaint as well as others whose identities are to be ascertained, for the various employments identified in the complaint, and/or the employers' insurance carrier, in an amount not yet definitively ascertained and determined, that the total amount of these payments is not yet known to this defendant and leave of court will be sought to amend this answer when the amount is determined; that all of Plaintiff's injuries, alleged in the Complaint, arose as a direct and proximate result of the negligence and carelessness of each and every one of Plaintiff's employers identified in the Complaint as well as others whose identities are to be ascertained, and that Plaintiff's employers and insurance carriers are not entitled to reimbursement for monies paid or to be paid to Plaintiff; and in the event of any judgment in favor of Plaintiff and against this defendant, it should be reduced by the amounts paid or to be paid to Plaintiff by the employer or its insurance carrier.

## TWELFTH AFFIRMATIVE DEFENSE

### (Plaintiff as Sophisticated User)

12. As a twelfth affirmative defense to each and every cause of action in the Complaint, this defendant alleges that Plaintiff knew or should have known of the purported risks associated with the products identified in the Complaint that Plaintiff allegedly worked with or around that he alleges were supplied by defendant and others, because of his particular position,

training, experience, knowledge and/or skill, which he gained through his employment and other work during the years alleged in the Complaint, and which made him sophisticated in the use of such products. Consequently, defendant had no duty to warn of such purported risks.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Plaintiff's Employer as Sophisticated User)

13. As a thirteenth affirmative defense to each and every cause of action in the Complaint, this answering defendant alleges that each and every one of Plaintiff's employers identified in the Complaint, as well as those whose identities are to be ascertained, by reason of the advice, information, warnings and use, handling and storage information given to them, and by reason of their own longstanding and continuous experience with the products, substances and equipment referred to in the Complaint that Plaintiff worked with and/or around and that he alleges were supplied by defendant and others, are and were sophisticated users, handlers and storers of any and all such products, substances and equipment, and thereby acquired a separate and affirmative duty to warn, advise and inform Plaintiff of any potential harmful effects from the mishandling, misstorage and/or misuse of the subject property, if any; that said employer failed to so warn Plaintiff and thereby breached said duty; that said failure and breach did directly and proximately cause all damages, injuries and losses, if any, alleged in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

(State-of-the-Art)

14. As a fourteenth affirmative defense to each and every cause of action in the Complaint, defendant alleges that the products it allegedly supplied that are identified in the Complaint, were in conformity with and pursuant to statutes, government regulations and industry standards based upon the state of knowledge existing at the time of sale. The state of the medical, scientific, and industrial knowledge and practices was at all material times alleged in the Complaint such that defendant neither breached any alleged duty owed to Plaintiff, nor knew, or could have known, that the product(s) it allegedly supplied presented a foreseeable risk of harm to Plaintiff in the normal and expected use of such product(s).

///

## FIFTEENTH AFFIRMATIVE DEFENSE

(Alteration/Modification)

15. As a fifteenth affirmative defense to each and every cause of action in the Complaint, defendant alleges that any damage, loss or injury alleged by Plaintiff was caused by a substantial or material alteration or modification of products as they left defendant's control.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Consent)

16. As a sixteenth affirmative defense to each and every cause of action in the Complaint, defendant alleges that at all times mentioned in the Complaint, Plaintiff acknowledged, ratified, and consented to the alleged acts, if any, of defendant set forth therein, thereby barring Plaintiff from any relief.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Superseding/Intervening Cause)

17. As a seventeenth affirmative defense to each and every cause of action in the Complaint, defendant alleges it is not responsible for Plaintiff's injuries as alleged in the Complaint because of the conduct of a third parties whose later superseding or intervening conduct, which a reasonable person would consider unusual, caused the harm, that defendant did not know and had no reason to expect that the third party would act in such manner and the resulting harm was different from the kind of harm that could have been reasonably expected from defendant's conduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Alternative Causation)

18. As an eighteenth affirmative defense to each and every cause of action, this answering defendant alleges that the medical explanation and/or cause of the alleged injuries, losses and damages, if any, is exposures to products, elements, substances, and/or the conduct of others and/or idiopathic cause, for which this answering defendant has no responsibility.

///

///

## NINETEENTH AFFIRMATIVE DEFENSE

(Market Share Liability)

19. As a nineteenth affirmative defense to each and every cause of action in the Complaint, this answering defendant alleges that Plaintiff does not satisfy the requirements of Sindell v. Abbott Laboratories, 26 Cal.3d 588 (1980) and Pereira v. Dow Chemical Company, Inc., 129 Cal.App.3d 865 (1982) for the imposition of market share liability against answering defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

(Representations)

20. As a twentieth affirmative defense to each and every cause of action in the Complaint, defendant alleges that all representations and statements made, if any, by or on behalf of this defendant, were and are substantially true.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Punitive Damages)

21. As a twenty-first affirmative defense to each and every cause of action in the Complaint, defendant alleges that any claim for punitive or exemplary damages is barred by the United States Constitution, including the First, Fifth, Eighth and Fourteenth Amendments, and by the California Constitution, including Article I, and California Civil Code Section 3294 is invalid on its face or as applied in this action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Due Care and Diligence)

22. As a twenty-second affirmative defense to each and every cause of action in the Complaint, defendant alleges that it exercised due care and diligence in all matters alleged in the Complaint, and no act or omission by defendant was the proximate cause of any damage, injury or loss to Plaintiff.

///

///

///

AUTO14732/1967187-1                                8

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Additional Defenses)

23. As a twenty-third affirmative defense to each and every cause of action in the Complaint, defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses in the event discovery indicates that they would be appropriate.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(CCP 361 Bar)

24. As a twenty-fourth affirmative defense to each and every cause of action in the Complaint, this answering defendant alleges that the circumstances alleged in Plaintiff's Complaint and each and every cause of action therein arose in another state and by the laws thereof, that an action thereon cannot be maintained against this answering defendant within said state by reason of the lapse of time, and therefore an action thereon cannot be maintained against this answering defendant in the State of California pursuant to California Code of Civil Procedure Section 361.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Choice of Law)

25. As a twenty-fifth affirmative defense to the Complaint on file herein, and to each and every cause of action thereof, this answering defendant alleges that Plaintiff's Complaint and each and every cause of action therein arose in another state and that the laws of such other state should be applied to the causes of action alleged in the Complaint.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Not a Substantial Factor)

26. As a twenty-sixth affirmative defense to each and every cause of action in the Complaint, defendant alleges that the products or materials referred to in Plaintiff's Complaint, if any, were not a substantial factor in bringing about the injuries and damages complained of by Plaintiff.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Breach of Warranty)

27. As a twenty-seventh affirmative defense to each and every cause of action in the Complaint, defendant alleges that Plaintiff is barred from asserting any claim based on breach of warranty by reason of Plaintiff's failure to fulfill the conditions or warranties alleged in the Complaint in the event such alleged warranties are proved at trial.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Laches)

28. As a twenty-eighth affirmative defense to each and every cause of action in the Complaint, defendant alleges that Plaintiff has unreasonably delayed in the commencement and service on defendant of this action to the prejudice of defendant, whereby the Complaint and each cause of action therein are barred by the doctrine of laches.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(Indispensable Parties)

29. As a twenty-ninth affirmative defense to each and every cause of action in the Complaint, defendant alleges that Plaintiff has failed to sue and serve necessary and indispensable parties.

### THIRTIETH AFFIRMATIVE DEFENSE

(Lack of Jurisdiction)

30. As a thirtieth affirmative defense to each and every cause of action in the Complaint, defendant alleges that this Court lacks jurisdiction over this action.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

(Res Judicata/Estoppel)

31. As thirty-first affirmative defense to each and every cause of action in the Complaint, defendant alleges that the action is barred under the "primary right" doctrine on the basis that causes of action may not be split, by the doctrines of res judicata, collateral estoppel, equitable estoppel, and/or judicial estoppel and by virtue of plaintiff's prosecution and/or settlement of his claims in prior actions.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

(Reliance on Affirmative Defenses of Others)

32. As a thirty-second affirmative defense to each and every cause of action in the Complaint, defendant hereby gives notice that defendant intends to rely on any other affirmative defenses alleged by any other defendants, or that may come available or apparent during the course of action, and hereby reserves the right to amend this answer to assert such other defenses to which defendant may be entitled.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

(CCP 474 Not Applicable)

33. This answering defendant is informed and believes and on such information and belief alleges that Plaintiff was not ignorant of the name of this defendant at the time the Complaint was filed, the provisions of Code of Civil Procedure Section 474, and/or similar provisions in the applicable laws of the state whose laws should be applied under choice of law principles, are inapplicable, and defendant should not be substituted as a fictitious of "Doe" defendant in Plaintiff's Complaint.

WHEREFORE, this answering defendant prays as follows:

1. That Plaintiff takes nothing by reason of the Complaint on file herein;
2. That AUTOZONE WEST, INC. be hence dismissed with its costs of suit awarded; and
3. For such other and further relief as the Court deems just and proper.

Dated: December 30, 2014

ARCHER NORRIS

Christopher M. Harnett
Robert D. Tobey
Attorneys for Defendant
AUTOZONE WEST, INC.

AUTO14732/1967187-1

11

AUTOZONE WEST, INC.'S ANSWER TO COMPLAINT FOR PERSONAL INJURY-ASBESTOS

Case 2:15-cv-00860-SJO-SS Document 29 Filed 02/12/15 Page 14 of 14 Page ID #:682

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |

*David Baird v. Albany International Corp., et al.*
USDC Case 2:15-cv-00860-CAS-RZ
JCCP Case No.: 4674/Los Angeles Superior Case No.: BC564421

I, the undersigned, declare that I am over the age of eighteen years and not a party to this action or proceeding. My business address is 2033 North Main Street, Suite 800, Walnut Creek, California 94596-3759. On February 12, 2015, I caused the following document(s) to be served:

**DEFENDANT AUTOZONE WEST, INC.'S NOTICE OF RE-FILING STATE COURT ANSWER**

☐ by placing a true copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth below, for collection and mailing on the date and at the business address shown above following our ordinary business practices. I am readily familiar with this business' practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

☒ I electronically served the above referenced document(s) through the court's **Electronic Case Filing. ECF-service** in this action was completed on all parties listed on the service list. This service complies with the court's order in this case.

☒ I electronically served the above referenced document(s) through File & ServeXpress. E-service in this action was completed on all parties listed on the service list with E-Service. This service complies with the court's order in this case.

Patrick DeBlase
Eric Brown
Michael C. Eyerly
DELASE BROWN EYERLY LLP
680 South Santa Fe Avenue
Los Angeles, CA 90021

Phone: 310.575.9955
Fax: 310.575.9919

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 12, 2015, at Walnut Creek, California.

_____
Kristen M. Garcia

AUTO14732/1960071-1

PROOF OF SERVICE